HARDY, Judge.
Plaintiff brought this suit to collect the amount alleged due, together with penalties, under the terms of a policy of automobile fire insurance. From a judgment in favor of plaintiff for penalties and attorney’s fees, defendant insurer prosecutes this appeal.
The facts are substantially without dispute. In January, 1952, plaintiff purchased a used Chevrolet truck from Hargis Motor Company of Jena, Louisiana, financing the credit balance of the purchase price through the General Motors Acceptance Corporation. Plaintiff purchased a policy of insurance on the truck from the defendant, Motors Insurance Corporation. On or about March 18, 1952, the truck was seriously damaged by fire, and, at the instance of defendant’s representative and adjuster, plaintiff caused the car to be delivered to Hargis Motor Company for repairs which were estimated in the amount of $335.62. Plaintiff agreed to accept the necessary repairs and replacements in settlement of the loss, and, on March 22, 1952, executed a proof of loss on forms provided by the defendant insurer. After waiting for some ten days plaintiff called for his truck, and was advised by Mr. Hargis that he did not intend to perform the repairs to the truck. This information was communicated to the insurer through its representative, and demand for settlement was made, to which demand the insurer appears to have made no response of any nature. Plaintiff being in default, the truck was seized by the General Motors Acceptance Corporation which instituted foreclosure proceedings, via ordinaria, culminating in the sale of the truck at public auction for the sum of $200. The creditor took a deficiency judgment against plaintiff in an amount of $158.82. Unknown to plaintiff the defendant insurer on August 19, 1952 settled the loss, under its policy, with the General Motors Acceptance Corporation by paying the sum of $335.62 to Hargis Motor Company and an additional sum of $5.10, towing charge to Welch Motor Company. Plaintiff filed this suit on October 22, 1953, claiming in his petition the sum of $414.11, representing the amount of damages to the insured vehicle, together with 25% as penalty, and attorney’s fees in the sum of $300, all subject to a credit of $335.62, being the amount paid by the insurer to plaintiff’s mortgagee.
It is obvious that the amount of the loss under the terms of the policy was properly fixed at $340.62. Judgment was rendered in plaintiff’s favor in the amount of $85.18, together with $75 as attorney’s fees. The amount of the judgment may be conclusively accepted as having been fixed in the nature of a penalty since it represents 25% of the amount of the loss.
Counsel for defendant opposes the judgment on the ground that the policy of insurance was issued to plaintiff and General Motors Acceptance Corporation; that inasmuch as at the time of the loss plaintiff’s indebtedness to General Motors Acceptance Corporation amounted to $439.11 defendant’s obligation to pay was solely in favor of the Acceptance Corporation; that plaintiff was not entitled to any of the proceeds and that no settlement with plaintiff wa9 required under the policy.
It is, of course, apparent from the above argument that defendant insists upon con *590 sidering the General Motors Acceptance Corporation as a co-insured. In other words, it is the burden of defendant’s argument that plaintiff and GMAC were insured under the policy and, as a consequence, the settlement with GMAC, to whom plaintiff was indebted for more than the amount of the loss, was a full and complete discharge of defendant’s obligations under the policy in which plaintiff was regarded as having no interest whatsoever. It logically follows, if this line of argument be accepted, that the penalty provisions of the statute do not apply.
It is clearly evident from our examination of the record that defendant’s position, as hereinabove outlined, is consistent with the action and the entire course of negotiations between the several parties, exclusive of plaintiff, from the time of the inception of the purchase of the truck by plaintiff up to and including the trial of this suit. The following is noted in the stipulation of counsel immediately prior to trial:
“It is stipulated and agreed that the Hargus (sic) Motor Company holds the dealer’s franchise from General Motors Corporation for dealing with Cadalliac (sic) and Oldsmobile in the Jena territory. It is further stipulated that the General Motors Corporation or the General Motors Acceptance Corporation and Motors Insurance Corporation are closely allied in their business operations and to some extent at least are owned by common stockholders. The above stipulation is subject to the objections now made by defendant that the facts stipulated above are immaterial and irrelevant.”
Contrary to the objections urged, we cannot help but feel that the stipulated facts are entirely relevant and material.
The policy of insurance shows that it was issued to Weyland Keene, as purchaser, insured. The contract is set forth in a printed form policy of Motors Insurance Corporation and it is noted that immediately below the inserted typewritten name and address of plaintiff as the insured and the purchaser of the policy there is the following printed addition:
“And General Motors Acceptance Corporation as their interest may appear.”
This form clearly reflects a close association 'between the insurer and GMAC, but the association of the parties and the protection of their mutual interest to the detriment of plaintiff does not stop here. We recapitulate the facts in order to make the point, which follows:
Plaintiff purchased a used automobile truck from Hargis Motors, the licensed General Motors dealer, financed the purchase through General Motors Acceptance Corporation and insured the vehicle with Motors Insurance Corporation under a prepared form policy contract obviously designed for the protection of the interest of General Motors Acceptance Corporation.
Upon sustaining loss within the protection accorded by the policy, plaintiff filed proofs of loss with the insurer and delivered the damaged vehicle back to Hargis Motor Company for repairs estimated and fixed by said company and approved by the insurer. From this point on no further consideration was given to plaintiff by any of the parties concerned. Hargis Motor Company, without contacting or notifying plaintiff, simply refused to make the repairs; Motors Insurance Corporation failed or neglected to take any steps to satisfy the loss in a manner agreeable to plaintiff, and actually made such settlement, under plaintiff’s policy of insurance, with General Motors Acceptance Corporation without any notice to or knowledge by the plaintiff, who was its insured.
Direct results flowing from these actions as between all other parties at interest seriously, substantially and materially damaged plaintiff. General Motors Acceptance Corporation foreclosed on the vehicle which had remained unrepaired, *591 sold the damaged vehicle for $200 and took a deficiency judgment against plaintiff. Hargis Motor Company received the full amount of the repair estimate. Plaintiff received nothing, with the possible exception of notice of a deficiency judgment to the extent of $158.81.
Under the above circumstances we find it impossible to justify the contention of good faith and absence of arbitrary and capricious refusal or failure to make settlement asserted by defendant.
The statute authorizing the infliction of penalties and attorney’s fees as set forth in LSA-R.S. 22:658, Í9 plain and unambiguous. That portion of the statute appropriate under the facts of this case reads as follows:
“All insurers * * * shall pay the amount of any claim to any insured within sixty days after receipt of satisfactory proofs of loss from the insured or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss * * * together with all reasonable attorney’s fees for the prosecution and collection of such loss * *
The concluding portion of the same section fixes the amount of penalty on policies covering automobiles, trucks, etc., at 25%, together with all reasonable attorney’s fees.
We find no difficulty in reaching the conclusion in the instant case that defendant’s delay in making settlement of the loss, from filing of proof thereof on March 22, 1952 until August 19, 1952, a period of 150 days, was arbitrary, capricious and without probable cause and properly subjected defendant to liability for penalties and attorney’s fees.
Finally, counsel for defendant urges that the attorney’s fees allowable under the statute apply only to services rendered in the prosecution and collection of a loss under the policy. We think this contention is extremely technical and is not a reasonable interpretation of the meaning and intent of the provision. When an insurer permits the statutory period to expire without settlement it incurs the risk of liability for penalties provided by law. The amount of these penalties becomes a loss to the insured, and the employment of an attorney to collect such loss justifies the allowance of his fees.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.